UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 19-00760 SVW (PVC)                                    Date:  March 12, 2021

Title   Michael Paul Rosas v. Warden

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:**   **[IN CHAMBERS]  ORDER TO SHOW CAUSE WHY A SECOND STAY AND ABEY SHOULD BE GRANTED (Dkt. No. 26)**

On April 19, 2019, Petitioner, proceeding *pro se*, constructively filed the instant habeas corpus petition ("Petition"), challenging his 2016 conviction and sentence for second-degree murder and a gun enhancement. (Dkt. No. 1). The Petition raised two claims that had been raised on state direct appeal. (Dkt. No. 1; Dkt. No. 10 (Lodg. Doc. 6)). On May 30, 2019, Petitioner filed a motion for a stay and abeyance of the Petition while he exhausted two additional claims in state court: (1) that he was entitled to be resentenced on the gun enhancement under California Senate Bill 620; and (2) that appellate counsel was ineffective for failing to raise on appeal the resentencing issue under California Senate Bill 620. (Dkt. No. 6). Petitioner indicated that he had raised both claims in pending habeas petitions before the Riverside County Superior Court and the California Supreme Court.[1] The Court granted Petitioner's request for a stay of his federal Petition, finding that, although the first claim regarding resentencing was not

---

[1] The Court takes judicial notice of the California Supreme Court case information located on the California Courts website (https://appellatecases.courtinfo.ca.gov), which indicates that Petitioner filed a habeas proceeding, Supreme Court Case No. S255535, in the California Supreme Court on May 1, 2019.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 19-00760 SVW (PVC)                              Date:  March 12, 2021

Title        Michael Paul Rosas v. Warden

cognizable on federal habeas review, the second claim regarding ineffective assistance of counsel did not "clearly lack merit" and was not necessarily "barred by the statute of limitations."² (Dkt. No. 12 at 4-5). In granting the stay, the Court ordered Petitioner to provide status reports regarding the state petitions every 90 days and warned that if he did not follow this requirement the stay would be vacated. (Dkt. No. 12 at 5-6).

On December 5, 2019, after Petitioner failed to file any status reports, the Court issued an Order to Show Cause why the stay should not be vacated. (Dkt. No. 15). Petitioner responded by filing a Motion to Renew Stay, which was granted. (Dkt. Nos. 16, 19). In the new Order, the Court required Petitioner to file a status report every 60 days. (Dkt. No. 19). Thereafter, Petitioner again failed to file any status reports. On May 1, 2020, Petitioner was ordered for a second time to show cause why the stay should not be vacated for his failure to file any status reports regarding the pending state actions. (Dkt. No. 22). Petitioner did not respond to the Order and, on October 28, 2020, the stay of his federal Petition was vacated and the action was ordered to proceed on Grounds One and Two, as originally filed. (Dkt. Nos. 24, 25).

On January 1, 2021, the Court received a letter from Petitioner. (Dkt. No. 26). Petitioner indicated that he had not received the Court's second Order to Show Cause because he had been moved from Centinela Prison to the Riverside Superior Court. (*Id.* at 1). He complained that his mail was not forwarded to him from Centinela Prison in a timely manner, though he tacitly admitted that he did not notify the Court of his change of address.³ Petitioner also indicated that he had been granted a resentencing hearing in

---

² Because Petitioner presented a fully exhausted Petition in federal court, the Court granted the stay pursuant to *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2003), which would allow Petitioner the opportunity to amend the Petition to include any newly exhausted federal claims.

³ Like all parties to an action, Petitioner was required to notify the Court of any address change within five days. (*See* Dkt. No. 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 19-00760 SVW (PVC)                                    Date:  March 12, 2021

Title     Michael Paul Rosas v. Warden

Riverside Superior Court and that the superior court struck his "25-to-Life sentence enhancement." (*Id.*). According to Petitioner, the superior court imposed a 10-year "lesser" enhancement, which he is now appealing. (*Id.*). He requests an "extension of the stay until the current appeal is concluded." (*Id.* at 2).

The Court is not at liberty to grant Petitioner's request for an extension of the stay, as the stay was lifted in October 2020 for failing to comply with the Court's orders. *See* Local Rule 7-12 (failing to file required document may be deemed consent to the granting of a motion). Nothing in Petitioner's recent letter gives the Court pause to revisit that decision. Nor does the letter adequately show why he is entitled to a further stay. Petitioner may, if he wishes, file another motion for a stay of the federal proceedings. The Court notes, however, that it is not clear that Petitioner has any pending federal issues remaining to be exhausted in state court. In Case No. S255535, the California Supreme Court denied his habeas petition as "moot" in light of his claim for habeas relief being granted when he was resentenced in superior court. The fact that Petitioner may still be appealing a 10-year sentence enhancement imposed at resentencing does not necessarily raise a cognizable claim in federal court. State law sentencing errors generally are not cognizable on federal habeas review. *See Fetterly v. Paskett*, 997 F.2d 1295, 1300 (9th Cir.1993).

The Court gives Petitioner the following options:

**Option 1:**  Petitioner may request a new stay pursuant to *Kelly*. If he elects this option, he must demonstrate that the stay would not be futile (*e.g.*, because the unexhausted claims are cognizable and not plainly meritless). *See Knowles v. Muniz*, 228 F. Supp. 3d 1009, 1016 (C.D. Cal. Jan. 17, 2017) (holding that a "*Kelly* stay will be denied when the court finds such a stay would be futile"). To do this, Petitioner **must present the Court with documentation from state court** showing any claim that is currently being appealed and explain the federal constitutional issue being raised.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 19-00760 SVW (PVC)                                    Date:  March 12, 2021

Title     Michael Paul Rosas v. Warden

**Option 2:**  Petitioner may elect to proceed on Grounds One and Two of the Petition, as originally filed.

Petitioner shall file a response, **within 21 days of this Order**, indicating which option he is choosing.  If Petitioner elects to proceed with only the two claims in the original Petition, he has **30 days from the date of his election** to file a Traverse.

**Petitioner is further cautioned that the continuing failure to comply with Court orders may result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

IT IS SO ORDERED.